# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CHRISTEN PEARCE, individual,

    Plaintiff,

v.                                                Case No. 3:22-cv-430-TJC-PDB

DOLGENCORP, LLC, a Foreign
Limited Liability Company,

    Defendant.

## **O R D E R**

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Defendant removed this case based on diversity jurisdiction. (Doc. 1 ¶ 8). Under 28 U.S.C. § 1332(a), parties must have complete diversity and the amount in controversy must exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] See Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005). Defendant's sole evidence of the amount in controversy is the following statement:

---

[1] Defendant has adequately shown that the parties are completely diverse. (Doc. 1 ¶¶ 4–6).

> Plaintiff has alleged in her Complaint an action for damages in excess of $30,000.00. Plaintiff has made multiple pre-suit demands for well over $75,000.00, exclusive of interest and costs. Based upon the foregoing, the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs.

(Doc. 1 ¶ 9). Defendant gives no other information and does not attach Plaintiff's pre-suit demand letters. Defendant's evidence is insufficient to show by a preponderance of the evidence that that the amount in controversy exceeds $75,000. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007) ("[T]he party seeking a federal venue must establish the venue's jurisdictional requirements[;] . . . the defendants, having removed the case to the district court, [] bear the burden of establishing the court's jurisdiction.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)); Brooks v. Sears, Roebuck & Co., No. 6:18-CV-554-ORL-37DCI, 2018 WL 3761045, at *3 (M.D. Fla. July 2, 2018), report and recommendation adopted, No. 6:18-CV-554-ORL-37DCI, 2018 WL 3545421 (M.D. Fla. July 24, 2018) (noting that settlement offers are not conclusive proof of the amount in controversy and must be weighed based upon the circumstances of the offer, and holding that the plaintiff's settlement offer was not enough to satisfy the defendant's burden where the defendant provided no other information of the amount in controversy).

Accordingly, it is hereby

2

**ORDERED:**

1. The case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, in and for Columbia County, Florida.

2. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 21st day of April, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Clerk, Third Judicial Circuit, Columbia County

Counsel of record